Shannon R. Boyce, Bar No. 229041
sboyce@littler.com
Craig T. Reese, Bar No. 238332
creese@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067
Telephone:   310.553.0308
Fax No.:      800.715.1330

Attorneys for Defendant
SIGNATURE FLIGHT SUPPORT LLC
dba SIGNATURE AVIATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB JOHN BARANOWSKI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT LLC dba SIGNATURE AVIATION, a Delaware Limited Liability Company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. **'25CV3016 W    VET**<br><br>*[Removed from San Diego Superior Court Case No. 25CU052307C]*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:      Not Yet Set<br>Complaint Filed: September 29, 2025 |

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SIGNATURE FLIGHT SUPPORT LLC dba SIGNATURE AVIATION ("Signature") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court for the State of California, in and for the County of San Diego, to the United States District Court for the Southern District of California.  A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

## I.     STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

Plaintiff Jacob John Baranowski originally brought this action in the Superior Court for the State of California, in and for the County of San Diego. Therefore, venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.   PLEADINGS, PROCESS, AND ORDERS

On September 29, 2025, Plaintiff John Jacob Baranowski filed a lawsuit in the Superior Court for the State of California, in and for the County of San Diego, captioned

*Jacob John Baranowski, an Individual, v. Signature Flight Support LLC dba Signature Aviation, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, Defendants*, Case No. 25CU052307C (hereafter, "Complaint"). Declaration of Craig Reese ("Reese Decl."), ¶ 2; Exhibit A.

The Complaint alleges the following causes of action: (1) Disability Discrimination (Gov't Code §12940(a)); (2) Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m)); (3) Failure to Engage in the Interactive Process (Gov't Code § 12940(n)); (4) Retaliation for Requesting Accommodation (Gov't Code § 12940(m)(2)); (5) Retaliation for Protected Activity (Gov't Code §12940(h)); (6) Failure to Prevent Discrimination and Retaliation (Gov't Code § 12940(k)); (7) Retaliation for Asserting Labor Code Rights (Lab. Code § 98.6); (8) Wrongful Termination in Violation of Public Policy; (9) Negligent Hiring, Supervision, and Retention; (10) Breach of Implied Covenant of Good Faith and Fair Dealing; (11) Failure to Pay All Wages Due Upon Separation (Lab. Code §§ 201-203); (12) Waiting Time Penalties (Lab. Code § 203); (13) Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 226); (14) Individual Liability for Labor Code Violations (Lab. Code § 558.1); and (15) Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.). The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them and only for reference.

Defendant was served with process of the Complaint and Summons on October 7, 2025. A true and correct copy of the Complaint is attached as **Exhibit A** to the Reese Decl. and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. *See* 28 U.S.C. § 1446(a). Reese Decl., ¶ 2.

Attached as **Exhibit B** to the Reese Decl. are the remaining documents either served with the Complaint or as reflected on and downloaded from the San Diego County Superior Court website, including copies of the Summons and Civil Case Cover Sheet.   Reese Decl., ¶ 3.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

On November 5, 2025, Defendant filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached as **Exhibit C** to the Reese Decl. is a true and correct copy of Defendant's Answer. Reese Decl., ¶ 4.

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in San Diego County Superior Court. Reese Decl., ¶ 5.

## IV.   TIMELINESS OF REMOVAL

An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

Removal of this action is timely, because this Notice of Removal has been filed within thirty days of October 7, 2025, when Defendant was served with the Summons and Complaint. See 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on October 7, 2025, the thirty-day period for removal runs through November 6, 2025. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants and reflected on the San Diego Superior Court's website. (See Reese Decl., Exhibits A-C.)

Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

## V.   DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. section 1441(a) and (b), the State Court Action may be removed to this Court by Defendant,

because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.    Diversity of Citizenship of the Parties

#### 1.    Plaintiff is a Citizen of California.

For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary").

Plaintiff resides in the State of California. See Complaint at ¶ 1 ("Plaintiff JOHN JACOB BARANOWSKI is, and at all times herein has been an individual residing in San Diego County, California.") Therefore, Plaintiff is a citizen of California.

#### 2.    Defendant is a Citizen of Delaware and Florida.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at the corporation's headquarters." *Id*. at 80-81; see also *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

Signature Flight Support LLC is a Delaware limited liability company and has its principal place of business in Florida. Signature's sole member is Signature Aviation

USA, LLC, which is also a Delaware limited liability company with its principal place of business in Florida. Signature Aviation USA, LLC has two members. One is Signature Aviation US Holdings, Inc., which is a Delaware corporation with its principal place of business in Florida. The other is BBA Aviation Finance, which is a foreign private unlimited company with its principal place of business in England and Wales. See Declaration of Christine Mercadante ("Mercadante Decl."), ¶ 2. Accordingly, Signature is a citizen of Delaware and Florida.

The Complaint also names as defendants "DOES 1 through 10, inclusive." The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

No other party has been named or served as of the date of this removal. Because no Defendant is a citizen of the State of California, there is complete diversity among the parties.

## B.      The Amount in Controversy Is Satisfied

The amount in controversy is determined from the allegations or prayer of the Complaint. *See St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a) a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the

general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

Here, as set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

In his Complaint, Plaintiff claims he has suffered and continues to suffer "[…] substantial damages, including, but not limited to, loss of earnings, loss of future earning capacity, loss of employment benefits, and severe emotional distress, in an amount to be proven at trial." (Complaint, ¶¶ 36, 43, 50, 58, 66, 72, 80, 86, 93, 101.) Plaintiff also alleges he has suffered and continues to suffer substantial damages including "unpaid wages and the consequences of delayed payment, in an amount to be proven at trial,"

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint and are for purposes of removal only.  Defendant expressly denies that Plaintiff is entitled to any relief whatsoever and reserves the right to challenge Plaintiff's alleged damages in this case.

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

"waiting time penalties," "statutory penalties," and "restitution of all benefits." (Complaint, ¶¶ 108, 114, 120, 126,134.) Plaintiff's Prayer for Relief seeks "general and special damages, including past and future lost earnings, employment benefits, and damages for emotional distress, humiliation, and mental anguish," as well as "statutory penalties pursuant to Labor Code sections 203, 226, 226(b), and 1198.5," "civil penalties pursuant to Labor Code section 98.6," "restitution of all benefits Defendants acquired through unfair business practices pursuant to Business and Professions Code section 17203," "reasonable attorneys' fees pursuant to Government Code section 12965(b) and Labor Code sections 98.6, 218.5, 226, and 1198.5," "prejudgment interest pursuant to Civil Code section 3287 and Labor Code section 218.6," and "punitive damages pursuant to Civil Code section 3294" (Complaint, Prayer for Relief, ¶¶ 1-7.)

Plaintiff alleges he was employed by Signature between June 2017 and July 25, 2025. See Complaint at ¶ 10. Plaintiff alleges that when his employment ended in July 2025 Plaintiff earned $20.00 per hour and worked approximately 40 hours a week, 7:30 a.m. to 4:00 p.m. with Tuesdays and Wednesdays off. See Complaint at ¶ 11.

### 1. Lost Wages

Although Defendant denies that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages from July 25, 2025, to present (November 6, 2025), that amount totals **$12,000.** (Calculated based on the pay rate of $20.00/hour, at 40 hours a week, equating to $800/week. From July 25, 2025, to November 6, 2025, is 15 weeks. 15 x $800 = $12,000.)

Assuming Plaintiff is able to recover lost wages through the date of trial, and assuming a likely date of trial at 18 months from the date of filing this Notice of Removal in or about May 2027, the amount of back pay in controversy in this case equals an additional **$62,400.** (78 weeks at $800/week.)  This would make the total amount in controversy based on lost wages alone at least **$74,400.00** ($800.00 x 93 weeks; 15 weeks to date of removal and 78 weeks through to trial), nearly sufficient to satisfy the $75,000 threshold under 28 U.S.C. § 1332 on its own.

Plaintiff also seeks recovery of lost future earnings. (Complaint, ¶¶ 36, 43, 50, 58, 66, 72, 80, 86, 93, 101; Prayer for Relief, ¶ 1). Such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even estimating that Plaintiff seeks front pay damages for only one year, the amount of future wages in controversy in this case would total at least an additional **$41,600.** (One year's wages based on 52 weeks at $800/week; Complaint at ¶ 11; CGP Decl., ¶¶ 3-4.)

### 2.    Statutory Penalties

Plaintiff claims he is entitled to penalties for violations of California Labor Code Sections 203, 226 and 98.6. (Complaint, ¶¶ 74-80; 103-120; Prayer for Relief, ¶¶ 2, 3). Plaintiff claims he is entitled to waiting time penalties equaling up to thirty days of wages for Signature's alleged failure to pay at the time of his termination. (Complaint, ¶ 114.)  As set forth above, Plaintiff earned $20.00 per hour and worked eight hours per day, making his daily wages $160.00. Thirty days of Plaintiff's wages thus equals **$4,800.00.** Plaintiff also claims penalties for violation of Labor Code §226. (Complaint, ¶ 120.)  Labor Code §226 carries a maximum penalty of **$4,000.00.** Finally, Plaintiff alleges violations of Labor Code §98.6 (Complaint, ¶ 80), which carries a maximum penalty of **$10,000.00.** The total statutory penalties Plaintiff claims resulting from alleged violations of the Labor Code total **$18,800.00.**

### 3.    Emotional Distress

Plaintiff also seeks recovery of general and special damages for "severe emotional distress" and "humiliation, and mental anguish." (Complaint, ¶¶ 36, 43, 50, 58, 66, 72, 80, 86, 93, 101; Prayer for Relief, ¶ 1). These claims further augment his claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also*

*Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint").

In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses); Emotional distress damage awards FEHA discrimination cases are often well in excess of $75,000, standing alone. *See, e.g., Sullivan v. Save Mart Supermarkets, et al.,* 2017 Jury Verdicts LEXIS 12578 (Cal. Super. Ct. 2017) ($425,000 in emotional distress damages in a FEHA discrimination suit); *Massey v. City of Long Beach,* JVR No. 1509220063, 2015 WL 5578119 (Cal. Sup. Ct. 2015) (awarding $520,119 in damages for pain and suffering in FEHA discrimination case); *Gomez v. Magco Drilling* JVR No. 1510280054 (Cal. Sup. 2015); *Beasley v. E. Coast Foods, Inc.,* JVR No.

1509250073, 2015 WL 5678367 (Cal. Sup. Ct. 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case); *Olvera v. Sangha Dhindsa Foods, Inc.* JVR No. 1611300020, 2016 WL 7034155 (Cal. Sup. Ct. 2016) (disability discrimination case awarding $116,000 in emotional distress damages); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases).

Here, based on the allegations in Plaintiff's Complaint, the Court can reasonably ascertain that the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more. Specifically, in *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to his claim" where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contributes at least $25,000.00 to the amount in controversy.

### 4.    Attorneys' Fees

Plaintiff also seeks an award of attorneys' fees and costs pursuant to applicable provisions of law. (Prayer, ¶ 5, 9) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Id.* at 1034 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899

F.3d. 785, 788 (9th Cir. 2018) (the amount in controversy includes future attorney fees recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA. Cal. Gov't. Code § 12965. While Plaintiff's attorney's fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *See Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Accordingly, an attorney's fees award alone in this case could easily reach and, in fact, reasonably exceed the requisite $75,000 amount in controversy.

### 5.   Punitive Damages

Plaintiff alleges he is entitled to punitive or exemplary damages. (Prayer, ¶ 7.) The Court must consider punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F.Supp.2d at 1033; *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-720 (2009) (punitive damage award of $1,905,000). Punitive damages may be significant even when no compensatory damages are awarded. See *Moore vs. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA discrimination case). Punitive damages may reach up to four times actual damages and alone may satisfy the jurisdictional threshold. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334

(S.D. Iowa 1994). Plaintiff's demand for punitive damages increases the amount in controversy above the required $75,000 threshold under 28 U.S.C. § 1332.

### C. Summary of Amount in Controversy

Defendant wholly denies Plaintiff is entitled to any damages in this case. However, when the relief available to Plaintiff is taken as a whole, the amount in controversy, using conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdictional requirement, exclusive of interest and costs.

| | |
|---|---|
| Lost Wages from Termination to Removal | $12,000.00 |
| Lost Wages from Removal to Trial | $62,400.00 |
| Future Earnings (one year) | $41,600.00 |
| Labor Code Penalties | $18,800.00 |
| Emotional Distress | $25,000.00 |
| Attorneys' Fees | $75,000.00 |
| Punitive Damages | (not calculated) |
| **Total Amount in Controversy** | **$234,800.00** |

Plaintiff therefore specifically alleges damages in excess of the jurisdictional amount, of $75,000.00, and without admitting liability or that Plaintiff is entitled to any damages, Defendant states there is a reasonable probability that Plaintiff's damages in this case exceeds $75,000.00, as required by 28 U.S.C. § 1332(a).

## VI. NOTICE TO STATE COURT AND PLAINTIFF

Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be provided to

Plaintiff's counsel of record: Joshua I. White and Lilit Gasparyan, Laurel Employment Law, 808 Wilshire Boulevard, Suite 200, Santa Monica, CA, 90401; email josh@laurelemploymentlaw.com; lilit@laurelemploymentlaw.com. Reese Decl. ¶ 6. A copy of this Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Diego. *Id.*

WHEREFORE, Defendant respectfully requests that the State Court Action be removed and hereinafter proceed in the United States District Court for the Southern District of California.

Dated: November 6, 2025

Shannon R. Boyce
Craig T. Reese
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SIGNATURE FLIGHT SUPPORT LLC
dba SIGNATURE AVIATION

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

14